IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN STATES CONTRACTING, and TRITON GRADING & PAVING, LLC,<br><br>Plaintiffs,<br><br>and<br><br>GORDON SPILKER HUBER GEOTECHNICAL CONSULTANTS, INC.,<br><br>Intervening Plaintiff,<br><br>vs.<br><br>JERALD M. SPILSBURY, as Trustee of the American Energy Management Profit Sharing Trust; SUMMIT DM, LLC f/k/a SUMMIT DEVELOPMENT AND MANAGEMENT, LLC; TOQUERVILLE ENTERPRISES, LLC; SUMMIT-HURRICANE DEVELOPMENT, INC.; ANB FINANCIAL N.A. and the FEDERAL DEPOSIT INSURANCE CORPORATION; and SITUS SERV LP a/k/a THE SITUS COMPANIES,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:10-CV-1141-TC |

In this quiet title case, numerous entities and individuals are embroiled in a dispute over priorities of interests in certain real property. One of those entities is Defendant ANB Financial N.A., federally insured by the Federal Deposit Insurance Corporation (FDIC). The FDIC, which has been acting as the receiver for ANB, claims a security interest in a portion of the real property at issue based on a loan ANB made. The FDIC, in its capacity as receiver for ANB, was

named as a defendant in the Plaintiffs' amended complaint, which was originally filed in state court. The FDIC, upon being brought into the suit, removed the matter to federal court and now seeks a stay of proceedings pending exhaustion of the administrative process required by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). For the reasons set forth below, FDIC's motion to stay is GRANTED, the Plaintiffs' request for remand is DENIED, and Psomas Corporation's Motion to Intervene is DENIED AS MOOT.[1]

## BACKGROUND

Plaintiffs filed a complaint in state court to recover money for labor, equipment and materials they provided for a development project on real property in Utah. ANB loaned money for the development of certain areas of the project and collateralized its loan through one or more trust deeds on the property. But the loan went into default and ANB had a lien on the property. Others, including the Plaintiffs, have competing claims against the property.

On May 9, 2008, after ANB failed as a financial institution, the FDIC was appointed as Receiver for ANB. The First Amended Complaint—in which ANB and the FDIC, as receiver for ANB, were added as parties—was filed on August 3, 2010. FDIC was served on August 24, 2010.

In their complaint, Plaintiffs assert a quiet title action in which they seek to enforce their mechanics' liens and foreclose on the property so that it may be seized and sold at auction, with the proceeds distributed to Plaintiffs in the amount of $11,301,731.51. Alternatively, Plaintiffs file a claim for unjust enrichment against the FDIC in the amount of $11,301,731.51.

---

[1] The Plaintiffs' Joinder to Motion to Intervene Filed by Psomas Corporation and Motion to Add Parties Pursuant to Consolidation Order is also DENIED AS MOOT.

FDIC removed this action to federal court on November 18, 2010.  Five days later, on November 23, 2010, the FDIC moved for a stay pending exhaustion of the administrative process required by FIRREA.

## ANALYSIS

### Plaintiffs' Request for Remand Alleging Untimely Removal

Plaintiffs Western States Contracting and Triton Grading & Paving LLC (collectively "Western States") challenge the timeliness of FDIC's removal of the state action to federal court. They contend that the FDIC removed the action two days too late.

Curiously, Plaintiffs did not file an actual motion to remand for improper removal. Instead, they raised the question in their opposition to FDIC's motion for a stay.  (See Pls.' Opp'n to Mot. For Stay (Docket No. 8) (captioned "Opposition" and "Motion to Remand," but never filed electronically as a motion requiring briefing by the parties and action by the court).) For the two independent reasons set forth below, Plaintiffs' request is denied.

First, although Plaintiffs title their memorandum both an opposition and a "motion to remand," they never filed a formal, independent motion to remand.  Accordingly, their remand request is procedurally flawed under the removal statute, which requires the filing of a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" within thirty days after the notice of removal was filed.  28 U.S.C. § 1447(c).  Since FDIC removed this case on November 18, 2010, more than six months have passed without filing of any formal motion to remand.[2]

_____

[2]If the Plaintiffs' opposition memorandum is interpreted to be a motion to remand, the request for remand would be timely, because the opposition memorandum was filed on

Second, even considering the merits of Plaintiffs' challenge to the removal, Plaintiffs' argument fails because FDIC's removal was timely under federal law. FDIC is allowed to remove any state court action filed against it to federal court "before the end of the 90-day period beginning on the date the action, suit or proceeding is filed against the [FDIC]." 12 U.S.C. § 1819(b)(2)(B). Plaintiffs narrowly interpret the statutory language to mean that the 90-day period begins to run on the date the complaint is filed in state court, regardless of when the FDIC is served with the summons and actually becomes a party to the suit. Plaintiffs' literal interpretation of the statute is not supported by case law and, if adopted by this court, would defeat the purpose of the statute. For example, Plaintiffs' interpretation would allow a complainant to reduce or eliminate the removal period because the complainant could wait to serve the summons until more than 90 days after the complaint was filed. See Fed. R. Civ. P. 4(m) (allowing service of a complaint within 120 days after complaint is filed).

Plaintiffs' First Amended Complaint, which added the FDIC as a party, was filed in state court on August 18, 2010. On August 24, 2010, Plaintiffs served the FDIC with a summons and complaint. FDIC filed its Notice of Removal in federal court on November 18, 2010, a date that falls within 90 days from the time when the FDIC received notice that it was a party to the state court action. That was sufficient to effect removal. See Costin Eng'g Consultants, Inc. v. Latham, 905 F. Supp. 861 (D. Colo. 1995) (setting forth persuasive analysis and interpretation of 12 U.S.C. § 1819(b)(2)(B) that requires calculating the 90-day removal period from the date the FDIC is served with the summons and complaint). Accordingly, even assuming Plaintiffs'

_____

December 20, 2010, well within thirty days of the November 18, 2010 Notice of Removal.

request to remand is procedurally correct, their request is DENIED.

**FDIC's Motion for Stay Pending Exhaustion of FIRREA Administrative Process**

Under FIRREA, any claim "seeking a determination of rights with respect to the assets of any depository institution for which the [FDIC] has been appointed receiver" may not be heard by a court until the administrative process has been exhausted. 12 U.S.C. § 1821(d)(13)(D)(i). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit in the district court. See Bruce J. Pierce & Assocs., Inc. v. Resolution Trust Corp., 987 F.2d 663, 664 (10th Cir. 1993) ("Judicial review of claims against the failed institutions only arises as provided in 12 U.S.C. § 1821(d)(13)(D), following the [FDIC] claim review process."); Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103, 106 (10th Cir. 1991) (same). The court may then exercise jurisdiction over the claims after the FDIC has either denied the claim or 180 days have elapsed since the claimant filed a claim with the FDIC. 12 U.S.C. § 1821(d)(6)(A).

Plaintiffs ask the court to determine the priority of liens on the property. Specifically, they seek a determination of the priorities of security rights, and, presumably, that their security in the property is superior to that held by the FDIC. In the alternative, they seek monetary compensation for services they rendered on the property from the FDIC.

Plaintiffs contend that FIRREA does not apply to a quiet title suit such as the one before this court. The court disagrees.

The administrative process under FIRREA applies to any claim "seeking payment from the assets of the affected institution; all suits seeking satisfaction from those assets; and all actions for the determination of rights vis-a-vis those assets." Marquis v. FDIC, 965 F.2d 1148, 1152 (1st Cir. 1992) (emphasis added) (citing Rosa v. Resolution Trust Corp., 938 F.2d 383, 393

(3d Cir. 1991)).  Here, the Plaintiffs seek a determination of rights with respect to an asset of the

FDIC – that is, ANB's lien.  Accordingly, the administrative process applies to the Plaintiffs'

claims.

Undeniably, a security interest in real property is an asset.  Determination of its value in a

field of competing liens is equivalent to a determination of the priority of the liens (including the

ANB/FDIC lien), as well as a foreclosure sale and distribution of proceeds, which are by

definition a "determination of rights with respect to the assets" of the FDIC.  See, e.g., Trembling

Prairie Land Co. v. Verspoor, 145 F.3d 686, 689 (5th Cir. 1998) (holding that a petition to quiet

title is analogous to a foreclosure under FIRREA).  Furthermore, the Plaintiffs' alternative unjust

enrichment claim seeks money damages from the FDIC, a claim which clearly falls within the

statutory language prohibiting judicial review of claims seeking payment from the assets of

ANB.  See 12 U.S.C. § 1821(d)(13)(D).  Under either theory of recovery, an asset of ANB (held

by the FDIC as receiver) is affected and so the administrative process is necessary.  See Rosa v.

Resolution Trust Corp., 938 F.2d 383, 393-94 (3d Cir. 1991) (discussing "monetary" and "non-

monetary" relief in the context of FIRREA's judicial review provision).

The court also holds that FDIC has a right to a stay (rather than a dismissal) of the action.

Regardless of whether the action was pending before or after the FDIC was appointed receiver

for ANB, the exhaustion requirement is mandatory.  See Mustang Partners, 946 F.2d at 106;

Marquis, 965 F.2d at 1152.  The court does not have jurisdiction to review the claims until the

FDIC has either denied the claims or 180 days have elapsed from the date the claim was filed

with the FDIC.  12 U.S.C. § 1821(d)(6)(A).  Because the state action was filed after the FDIC

was appointed as receiver, but before the FDIC was made a party, and because the FDIC did not

delay in seeking the stay once it was named in the suit, the court stays, rather than dismisses, the case.  See Northstar Funding Group Inc. v. FDIC, Case No. 1:09CV79DAK, 2009 WL 4348558 (D. Utah Nov. 30, 2009); Coston v. Gold Coast Graphics, Inc., 782 F. Supp. 1532, 1534-35 (S.D. Fla. 1992).  Any party whose claim is denied by the FDIC in whole or in part may continue the action in federal court and seek independent judicial review. 12 U.S.C. §§ 1821(d)(6)(A), 1821(d)(5)(F).

For the foregoing reasons, and because the claims of liability against the FDIC and other parties to this action are necessarily intertwined (they relate to the same overall parcel of property on which the Plaintiffs seek foreclosure), the court stays this action as a whole pending completion of the FIRREA administrative claims process.

**Psomas Corporation's Motion to Intervene**

Because the court grants the FDIC's motion for a stay, and because proposed intervenor Psomas Corporation would also be required to participate in the administrative process under FIRREA, the court DENIES Psomas Corporation's Motion to Intervene (Docket No. 18) as MOOT.  Once the administrative process is complete, Psomas (or any other participant in the process) may file an administrative appeal in federal district court.  See 12 U.S.C. § 1821(d)(6) (providing that after administrative process is complete, an unsatisfied claimant may "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in federal court).

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.      FDIC's Motion for Stay Pending Exhaustion of the Administrative Process

Required by FIRREA (Docket No. 4) is GRANTED. The action is hereby stayed until the administrative process, as laid out in 12 U.S.C. § 1821(d), is completed.

2.      Psomas Corporation's Motion to Intervene (Docket No. 18) and the Plaintiffs' Joinder to Motion to Intervene Filed by Psomas Corporation and Motion to Add Parties Pursuant to Consolidation Order (Docket No. 23) are DENIED AS MOOT.

DATED this 9th day of June, 2011.

BY THE COURT:

TENA CAMPBELL
District Court Judge