IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN STATES CONTRACTING, and TRITON GRADING & PAVING, LLC,<br><br>Plaintiffs,<br><br>GORDON SPILKER HUBER GEOTECHNICAL CONSULTANTS, INC.,<br><br>Intervening Plaintiff,<br><br>vs.<br><br>JERALD M. SPILSBURY, et al.,<br><br>Defendants.<br><br>AND ALL RELATED CLAIMS. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV-1141-TC |

This case, which was removed from state court in 2010, has evolved significantly over the years it has been litigated in this court. Based on the case's current procedural status, the court, for the reasons set forth below, remands a substantial amount of the remaining claims to state court, leaving only the foreclosure and guaranty claims of CRE/ADC Venture 2012-1, LLC, to be adjudicated here.

This case arose out of a failed real estate development project that resulted in loan defaults and a multitude of competing mechanics lien claims by contractors. One of the defendants in the state case was ANB Financial NA, which had loaned a substantial amount of money to the project developers. In November 2010, after the FDIC was appointed as Receiver

for ANB (and substituted as a defendant in the state case), the FDIC removed the entire state case to federal court. Numerous parties filed related claims against the FDIC.

This court's jurisdiction was based solely on the FDIC's presence in the case. (See Order Granting Motion to Sever (Dkt. No. 186) ¶ 4.) In June 2012, this court remanded a portion of the claims to state court—that is, those portions of the action that did not relate to property specifically encumbered by the FDIC's deeds of trust. (Id. ¶ 8.)

In June 2013, private entity CRE/ADC Venture 2012-1, LLC was substituted for the FDIC as to claims, defenses, and other purposes, as laid out in the court's June 18, 2013 Order Granting Stipulated Motion to Substitute Parties (Dkt. No. 292). Even though the FDIC was no longer a party, the court retained jurisdiction. (See Order Denying Motion to Remand (Dkt. No. 337).)

On February 11, 2015, the court granted the Stipulation and Joint Motion to Dismiss Claims Against CRE/ADC Venture 2012-1, LLC, and ordered "that all claims brought by any party against CRE/ADC Venture 2012-1, LLC be dismissed with prejudice." (Order of Dismissal (Dkt. No. 447).) On June 30, 2015, CRE/ADC filed a First Amended Counterclaim, Crossclaim and Third-Party Complaint (Dkt. Nos. 464-66) limiting its claims to two: (1) judicial foreclosure on four deeds of trust; and (2) enforcement of two Guaranties connected to the four deeds of trust. The remaining claims in this lawsuit involve parties other than CRE/ADC.

The stipulated dismissal of all other claims against CRE/ADC materially changed the case's procedural posture. Consequently, during the court's May 18, 2015 status conference, the court asked the parties to file a memorandum regarding "the possibility of this case being remanded to the state court." (See Dkt. No. 459.) Based on the parties' filings (see Dkt. Nos.

467 and 470) and the court's review of the remaining claims and federal law concerning jurisdiction of this court, the court remands all but CRE/ADC's judicial foreclosure and guaranty causes of action to state court.

The court may remand state law claims over which it has supplemental jurisdiction. Under the Third Circuit's reasoning in <u>New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.</u>, 101 F.3d 1492 (3d Cir. 1996), the court holds that the claims unrelated to the interests claimed by CRE/ADC are supplemental.

There is no practical reason why the court should adjudicate the state law claims that do not involve CRE/ADC. Those claims were originally filed in state court. When the claims were removed, the court had jurisdiction over them solely because the FDIC was a party. Now the claims that originated with the FDIC are being litigated by the FDIC's successor, CRE/ADC. But CRE/ADC is not a party to the state case, and its judicial foreclosure and guaranty claims present discrete issues. On the other hand, many of the parties in this case are involved with the complex parallel state action concerning the same real estate development. Their causes of action here may very well overlap with claims in state court, and the potential for inconsistent decisions exists. Moreover, keeping the non-CRE/ADC claims in federal court would waste judicial resources.

For the foregoing reasons, the court exercises its discretion to send all the claims **not** concerning CRE/ADC back to the state case from which they were removed and to keep the discrete issues involving CRE/ADC's deeds of trust. Specifically, the court ORDERS that all claims in this action that are **not** raised in the First Amended Counterclaim, Crossclaim and Third-Party Complaint of CRE/ADC Venture 2012-1, LLC (Dkt. Nos. 464-66), are remanded to

the Fifth District Court for the State of Utah, Washington County, Case Number 080501763.

SO ORDERED this 10th day of August, 2015.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge